## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## HELENA DIVISION

_____

GREGORY P. TABISH,

            Plaintiff,

    vs.

MIKE MAHONEY, et. al.,

            Defendants.

Cause No.  CV 08-036-H-DWM-RKS

**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT**

_____

This matter comes before the Court on Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983.

## I.  STATEMENT OF THE CASE

### A.      Jurisdiction

Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 against Defendants for violations of his constitutional rights under the Fifth and Fourteenth Amendments of the United States Constitution.  Accordingly, the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

### B.      Parties

Plaintiff is a pro se prisoner who was incarcerated at the Montana State Prison at the time he filed his Complaint.  According to the Montana Department of Corrections website, Plaintiff is currently incarcerated at the Missoula Prerelease Center in Missoula, Montana.  If Plaintiff's

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT – CV-08-0036-H-DWM-RKS / PAGE 1

place of incarceration has changed, Plaintiff must file a notice of change of address in order to officially change his address with the Court and to insure that he receives all future mailings from the Court.

The named Defendants are:  Mike Ferriter, Mike Mahoney, Myron Beeson, Ross Swanson, Roxanne Wigert, Sergeant A. Graham, Ken Cosby, Nick Cook, Tricia Robles, Paul Lucier, Michelle Steyl, Vera Hoscheid, and Dave Pentlan.  The named Defendants are all employees of the Montana Department of Corrections and/or the Montana State Prison.

### C.    Plaintiff's Allegations

Plaintiff alleges on September 26, 2007, he received a major write-up for smuggling/introduction of unauthorized items into the institution.  On October 1, 2007, Plaintiff received his disciplinary hearing and was found guilty.  Plaintiff alleges that, as a result of this hearing, sanctions were implemented against him which resulted in detention (hole) time and a reclassification to a higher custody level.  On October 2, 2007, Plaintiff filed an appeal to the Associate Warden Myron Beeson.  On October 11, 2007, Plaintiff received a response from Associate Warden Beeson stating Beeson disagreed with the actions of the disciplinary hearing officer and the infraction against Plaintiff was dismissed.  On October 18, 2007, Plaintiff appealed his classification to the higher custody level.  That appeal was denied and all subsequent appeals on that issue were denied.

Plaintiff alleges he was denied due process and "suffered a liberty interest" due to the deliberate indifference exhibited by the Defendants in violation of the Fifth and Fourteenth Amendments of the United States Constitution. (Document 2, p. 10, ¶ 41).  Plaintiff seeks

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT – CV-08-0036-H-DWM-RKS / PAGE 2

damages incurred as a result of the sanctions imposed against him during an institutional

disciplinary hearing.  He argues Defendants continued to impose sanctions against Plaintiff even

though his disciplinary infraction was dismissed.

## II. PRESCREENING

### A. Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to

screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  Section 1915A reads in pertinent part

as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a
> civil action in which a prisoner seeks redress from a governmental entity or officer
> or employee of a governmental entity [and][o]n review, the court shall identify
> cognizable claims or dismiss the complaint, or any portion of the complaint, if the
> complaint (1) is frivolous, malicious, or fails to state a claim upon which relief
> may be granted; or (2) seeks monetary relief from a defendant who is immune
> from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing

fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if

the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide that the Court may dismiss the

complaint before it is served upon the defendants if it finds the complaint is "frivolous" or "fails

to state a claim upon which relief may be granted."  A complaint is frivolous if it "lacks an

arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827,

1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. _____, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.*  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Additionally, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200, 167 L.Ed.2d 1081; *Cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice.").

**B.  Fourteenth Amendment Due Process Claim**

To state a claim for a due process violation, a plaintiff must show (1) he had a protected liberty interest, and (2) he was deprived of that interest without adequate due process.  If there is no liberty interest at stake, the Constitution does not require any process, and the second element becomes irrelevant.  *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215,  223-24 (1976); *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972); *Erickson v. United States*, 67 F.3d 858, 861 (9th Cir. 1995).

In the prison setting, a liberty interest is recognized and protected only if state officials or employees take actions that either (1) affect the sentence imposed upon conviction in an

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT – CV-08-0036-H-DWM-RKS / PAGE 4

unexpected manner, or (2) impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life.  *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

It appears from the documents attached to Plaintiff's Complaint that he received five days in detention.  However, this is insufficient to demonstrate that Plaintiff was subjected to atypical or significant hardships in comparison to inmates in protective custody or inmates whose placement has not yet been determined.  *See Sandin*, 115 S.Ct. at 2301 (30 days disciplinary segregation not "atypical" where no evidence shows it differs from other kinds of segregation).  Placement in segregation falls within the terms of confinement ordinarily contemplated when a prison sentence is imposed, *see Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986), so the discipline Plaintiff received "comported with the prison's discretionary authority." Plaintiff's placement in detention for five days was within prison officials' discretion to impose.

Thus, Plaintiff cannot show he had a liberty interest in avoiding placement in detention. *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003)("[A]dministrative segregation in and of itself does not implicate a protected liberty interest.")(*citing Sandin*, 515 U.S. at 486).

Therefore, it is irrelevant whether Plaintiff received adequate due process protections, because he was not constitutionally entitled to due process.  This claim will be recommended for dismissal.

### C.  Classification

Plaintiff also alleges his reclassification was unconstitutional since his disciplinary infraction was dismissed.  However, Plaintiff cannot claim any constitutional right to a particular

prison classification arising directly from the Fourteenth Amendment, as inmates have no liberty interest in custody classification decisions. *Hernandez v. Johnston*, 833 F.2d 1316, 1318; *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976).

## III.  CONCLUSION

As Plaintiff failed to state a federal constitutional violation, this matter will be recommended for dismissal.  The Prison Litigation Reform Act prohibits prisoners from bringing in forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  The Court should designate this case as a "strike" under this provision because Plaintiff's case fails to state a federal claim.  For this same reason, the Court should certify that any appeal of this matter would not be taken in good faith.  That is, the issues raised in this matter are frivolous.

Based on the foregoing, the Court issues the following:

### RECOMMENDATION

1.  Plaintiff's Complaint (Document 2) should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted and this action should be **DISMISSED**.

2.  The Court should direct order the Clerk of Court to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Plaintiff's failure to state a federal claim upon which relief may be granted.

3.  The Court should certify and direct the Clerk of Court to have the docket reflect that pursuant to Rule 24(3)(1) of the Federal Rules of Appellate Procedure any appeal of this decision

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT – CV-08-0036-H-DWM-RKS / PAGE 6

would not be taken in good faith.  Plaintiff's claims are frivolous and no reasonable person could suppose an appeal would have merit.

4.  The Court should direct the Clerk of Court to enter Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure indicating that this action is dismissed.

5.  These Findings and Recommendation and any further documents filed in this matter should be served upon Plaintiff at Missoula Correctional Services – Prerelease Center, 2350 Mullan Road, Missoula, MT  59808.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 13th day of November, 2008.

/s/ Keith Strong＿＿＿＿＿＿＿＿＿
Keith Strong
United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT – CV-08-0036-H-DWM-RKS / PAGE 7