

**FILED**

DEC 0 5 2008

PATRICK E. DUFFY, CLERK

By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| GREGORY P. TABISH, | ) | CV 08-36-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE MAHONEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Tabish has filed a Complaint under 42 U.S.C. §
1983 alleging due process violations stemming from the Montana
State Prison's continued imposition of disciplinary sanctions
against him after the underlying infraction had been dismissed.

United States Magistrate Judge Keith Strong conducted
preliminary screening of the Complaint as required by 28 U.S.C. §
1915(e)(2).  Under that statute, the court engages in a
preliminary screening to assess the merits of the claims and
identify cognizable claims, or dismiss the complaint or any

-1-

portion thereof if the complaint is frivolous, malicious, or
fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in which he
recommends dismissal of the Complaint with prejudice for failure
to state a claim upon which relief can be granted.  Judge Strong
explained that a liberty interest exists only if prison officials
take action that affects the sentence in an unexpected manner or
imposes a hardship that is atypical and significant in relation
to normal prison life, citing <u>Sandin v. Conner</u>, 515 U.S. 472,
483-84 (1995).  The Plaintiff was placed in detention (the hole)
for five days, which Judge Strong determined is not unexpected or
atypical.  The Plaintiff was also permanently reclassified to a
higher security level, and argues that he should have been
returned to his prior classification upon dismissal of the
infraction.  Judge Strong disagreed, explaining that inmates have
no liberty interest in custody classification decisions.

Plaintiff Tabish did not timely object and so has waived the
right to de novo review of the record.  28 U.S.C. § 636(b)(1).
This Court will review the Findings and Recommendation for clear
error.  <u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>,
656 F.2d 1309, 1313 (9th Cir. 1981).  Clear error exists if the
Court is left with a "definite and firm conviction that a mistake
has been committed."  <u>United States v. Syrax</u>, 235 F.3d 422, 427
(9th Cir. 2000).  I can find no clear error with Judge Strong's
Findings and Recommendations and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is

DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.  The Clerk of Court is directed to enter judgement in accordance with this Order.

IT IS FURTHER ORDERED that Plaintiff Tabish's filing of this action constitutes a strike for purposes of 28 U.S.C. § 1915(g). The Court certifies pursuant to Rule 24(3)(1) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this _5_ day of December, 2008.

_____
Donald W. Molloy, District Judge
United States District Court